IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SMALL TOWN BREWERY, LLC a Delaware company,<br><br>                Plaintiff,<br><br>vs.<br><br>SPRECHER BREWING COMPANY, INC. a Wisconsin company,<br><br>                Defendant. | Case No. 15-cv-10666<br><br>**COMPLAINT<br>WITH JURY DEMAND** |

Plaintiff Small Town Brewery, LLC ("Small Town" or "Plaintiff") by and through its counsel, hereby files this Complaint with Jury Demand against Defendant Sprecher Brewing Company, Inc. ("Sprecher" or "Defendant") and alleges as follows:

### THE PARTIES

1. Small Town is a Delaware company having a mailing address at 10635 Santa Monica Blvd., STE 350, Los Angeles, California 90025.

2. Upon information and belief, Defendant is a Wisconsin company having a mailing address at 701 W. Glendale Avenue, Glendale, Wisconsin.

### JURISDICTION AND VENUE

3. Small Town brings this action pursuant to the Lanham Act, Title 15, United States Code § 1051, *et seq.*, 815 ILCS 505/1 *et seq.*, 815 ILCS 510/1 *et seq.*, and Illinois common law.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1367, 1338 and 15 U.S.C. §§1114 and 1125.

5. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over claims arising under state law or common law because those claims are so related to the federal trademark claims that they form part of the same case or controversy.

6. Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §1391 since Plaintiff and Defendant conduct continuous and systematic business directly related to the trademarks at issue in this case in this judicial district, and witnesses material to this dispute reside in this judicial district.

7. Upon information and belief, this Court has personal jurisdiction over Defendant as it has purposefully directed its activities toward the state of Illinois, causing harm suffered in the state of Illinois, and this action is based upon activities that arise out of or relate to those contacts. Specifically, Defendant has sold products that infringe Small Town's trademarks into this judicial district.

## GENERAL ALLEGATIONS
## SMALL TOWN'S TRADEMARKS

8. Small Town is in the business of developing, brewing, and selling beer and other alcoholic beverages. Among Small Town's most successful beverages is an alcoholic beverage sold under the NOT YOUR FATHER'S ROOT BEER mark. An image of one example of the NOT YOUR FATHER'S ROOT BEER beverage is illustrated below.



9. The NOT YOUR FATHER'S ROOT BEER mark was first used in connection with beverage sales since at least on or about April 1 of 2012. Sales under the NOT YOUR FATHER'S ROOT BEER mark started in Chicago. As the beverage gained popularity, it was soon distributed into other markets. Today, the NOT YOUR FATHER'S ROOT BEER beverage is among the most popular and fastest growing craft beers in the country. It has won several awards and is distributed nationwide.

10. As a result of the extensive sales and advertising of NOT YOUR FATHER'S ROOT BEER beverages, there is substantial public recognition, goodwill,

and trademark rights associated with the mark.

11. Small Town is the owner by assignment of the trademark rights and goodwill associated with the NOT YOUR FATHER'S ROOT BEER mark, as well as trademark rights in other "NOT YOUR" marks. Additionally, Small Town is the owner by assignment of the following U.S. Trademark Registrations and Applications, copies of which are attached as Exhibit A.

| Reg. No. 4625894 | NOT YOUR FATHER'S ROOT BEER |
|---|---|
| Reg. No. 4615311 | *Not Your Father's* **ROOT BEER** |
| Reg. No. 4622185 | NOT YOUR FATHER'S |
| Reg. No. 4615312 | *Not Your Father's* |
| App. No. 86/691,478 | NOT YOUR FATHER'S GINGER ALE |
| App. No. 86/691,469 | NOT YOUR FATHER'S VANILLA CREAM ALE |
| App. No. 86/691500 | NOT YOUR MOM'S |
| App. No. 86/691524 | NOT YOUR MOM'S APPLE PIE |
| App. No. 86/691539 | NOT YOUR MOM'S FRENCH TOAST |
| App. No. 86/691548 | NOT YOUR MOM'S STRAWBERRY RHUBARB |

4

12. The aforementioned trademark rights and registrations (collectively referred to hereinafter as the "NOT YOUR Marks") have been used in connection with Small Town's beverages (the "NOT YOUR Beverages") throughout the country, including in Illinois.

13. Small Town has invested substantial effort and expense in maintaining and expanding its rights in the NOT YOUR Marks, including in Illinois,

14. The NOT YOUR Marks have acquired significant goodwill and are assets of enormous value.

## **DEFENDANT'S MISCONDUCT**

15. Upon information and belief, Defendant markets and sells alcoholic beverages, including an alcoholic root beer that competes with Small Town's Not Your Father's Root Beer. An image of Defendant's alcoholic root beer is illustrated below.



5

16. Upon information and belief, Defendant first developed and introduced its competing alcoholic root beer in January of 2013, over nine months after Small Town began selling its beverages under the NOT YOUR FATHER'S ROOT BEER mark.

17. Upon information and belief, some time after Defendant introduced its alcoholic root beer, it began using the phrase "Not Your Grandaddy's Root Beer" on marketing materials for the beverage.

18. Upon information and belief, Defendant sells bottles of its competing beverage in four-packs packaged in a cardboard bottle carrier that uses the phrase "Not Your Granddaddy's Root Beer" on the side panel of the carrier. An image of the bottle carrier is shown below.



6

19. Upon information and belief, Defendant uses the phrase "Not Your Grandaddy's" on the cardboard shipping boxes its alcoholic root beer is shipped in. An image of Defendant's cardboard shipping box is shown below.



20. Additionally, upon information and belief, on or about April 22 of 2015 Defendant began using "Not Your Grandma's Apple Pie" in connection with its apple-flavored beer.

21. Upon information and belief, on or about June 22, 2015, Defendant filed a federal trademark application for "Not Your Grandma's Apple Pie" for use in connection with "flavored brewed malt beverage[s]."

22. Upon information and belief, Defendant's apple-flavored beer competes with Small Town's NOT YOUR beverages.

23. Upon information and belief, the phrase "Not Your Grandma's Apple Pie" has the same commercial impression as the NOT YOUR Marks.

24. The phrase "Not Your Grandaddy's Root Beer" is nearly identical to

Small Town's NOT YOUR FATHER'S ROOT BEER mark. Further, "Not Your Grandma's" is confusingly similar to the NOT YOUR marks. "Not Your Grandaddy's Root Beer" and "Not Your Grandma's" are collectively referred to hereinafter as the "Infringing Phrases."

25. Defendant uses the Infringing Phrases in connection with goods that are identical to Small Town's NOT YOUR Beverages.

26. Upon information and belief, Defendant uses the Infringing Phrases in the same channels of trade as Small Town's NOT YOUR Beverages.

27. Upon information and belief, Defendant's beverages are sold through many of the same retail outlets, side-by-side, as Small Town's NOT YOUR Beverages.

28. Upon information and belief, Defendant directs the Infringing Phrases toward the same consumers that purchase Small Town's NOT YOUR Beverages.

29. Upon information and belief, Defendant uses the Infringing Phrases in the same advertising channels as Small Town uses to promote its NOT YOUR Beverages.

30. Consequently, Defendant's use of the Infringing Phrases is likely to cause consumer confusion.

31. Upon information and belief, Defendant was aware that Small Town was selling an alcoholic root beer under the NOT YOUR FATHER'S ROOT BEER mark prior to using "Not Your Grandaddy's Root Beer" in connection with its alcoholic root beer.

32. Upon information and belief, Defendant was aware that Small Town was selling alcoholic beverages under the NOT YOUR FATHER'S Mark prior to using "Not Your Grandaddy's Root Beer" in connection with its alcoholic root beer.

8

33. Furthermore, upon information and belief, Defendant had at least constructive notice that Small Town had filed federal trademark applications for the NOT YOUR Marks and, despite that knowledge, continued to use the Infringing Phrases.

34. Notwithstanding such knowledge, upon information and belief, Defendant has intentionally and/or recklessly infringed the NOT YOUR Marks by offering for sale and selling its competing alcoholic beverages using the Infringing Phrases.

35. Upon information and belief, Defendant's use of the Infringing Phrases was intended to trade upon the good will associated with the NOT YOUR Marks and confuse and mislead the public.

36. Upon information and belief, Defendant's actions constitute a knowing and willful false designation of origin of Defendant's goods and services.

37. Upon information and belief, Defendant's actions have resulted in, and will continue to result in, substantial and irreparable harm to Small Town and to consumers.

### CAUSES OF ACTION

#### COUNT I
#### Infringement of a Federally Registered Trademark
#### 15 U.S.C. § 1114

38. Small Town realleges and incorporates by reference all the foregoing paragraphs.

39. Small Town owns valid U.S. trademark registrations for the NOT YOUR FATHER's and NOT YOUR FATHER'S ROOT BEER marks.

40. Upon information and belief, Defendant's use of "Not Your Grandaddy's

9

Root Beer" is likely to cause confusion, to cause mistake, or to deceive in light of the NOT YOUR FATHER'S and NOT YOUR FATHER'S ROOT BEER marks and constitutes trademark infringement pursuant to 15 U.S.C. §1114.

41. Upon information and belief, Defendant's use of "Not Your Grandma's" is likely to cause confusion, to cause mistake, or to deceive in light of the NOT YOUR FATHER'S mark and constitutes trademark infringement pursuant to 15 U.S.C. §1114.

42. Upon information and belief, Defendant's infringement of NOT YOUR FATHER'S and NOT YOUR FATHER'S ROOT BEER has caused and continues to cause damage and irreparable injury to the value and goodwill of Small Town's marks as well as damage and irreparable injury to Small Town's goodwill, business, and reputation.

43. Upon information and belief, Defendant's actions are deliberate, willful, fraudulent, and constitute a knowing infringement of the NOT YOUR FATHER'S ROOT BEER and NOT YOUR FATHER'S marks.

44. Small Town is entitled to injunctive relief pursuant to 15 U.S.C. §1114.

45. Small Town is entitled to damages and to recover Defendant's profits, in an amount to be proven at trial, pursuant to 15 U.S.C. §1117(a).

46. Small Town is entitled to recover treble damages pursuant to 15 U.S.C. § 1117(b).

47. Small Town is entitled to an award of costs and attorneys' fees pursuant to 15 U.S.C. §1117(a).

## COUNT II
### Federal Unfair Competition and False Designation of Origin
### 15 U.S.C. § 1125

48. Small Town realleges and incorporates by reference all of the foregoing paragraphs.

49. Small Town owns the NOT YOUR Marks.

50. Upon information and belief, Defendant has used the Infringing Phrases in commerce in connection with goods that compete directly with the NOT YOUR Beverages.

51. Defendant's actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Small Town, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities.

52. Defendant's conduct constitutes false designation of origin and unfair competition pursuant to 15 U.S.C. §1125(a).

53. Upon information and belief, Small Town is likely to be, has been, and will continue to be damaged by Defendant's actions.

54. Upon information and belief, Small Town has suffered actual damages and lost profits caused by Defendant's use of the Infringing Phrases in an amount to be proven at trial. Additionally, the harm to Small Town from Defendant's actions is not fully compensable by money damages. Small Town has suffered and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringement committed by Defendant is permanently enjoined.

55. Upon information and belief, Defendant had knowledge of Small Town's

prior rights in the NOT YOUR Marks and willfully infringed the NOT YOUR Marks. Upon information and belief, Defendant's actions are willful, intentional and/or deliberate.

56. Small Town is entitled to injunctive relief and monetary damages against Defendant pursuant to 15 U.S.C. §§1116-1117.

57. Small Town is entitled to an award of costs and attorneys' fees pursuant to 15 U.S.C. §1117(a).

## COUNT III
### Illinois Deceptive Trade Practices
### 815 ILCS 510/1 et seq.

58. Small Town realleges and incorporates by reference all of the foregoing paragraphs.

59. Defendants conduct causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

60. Defendant's conduct causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another.

61. Defendant has passed off its goods or services as those of another.

62. Upon information and belief, it was Defendant's intent to cause likelihood of confusion or of misunderstanding. Upon information and belief, it was further Defendant's intention to pass off its goods or services as those of Small Town.

63. Defendant's conduct constitutes a violation of the Illinois Deceptive Trade Practices Act.

64. Upon information and belief, Defendant has willfully engaged in deceptive trade practices.

65. Small Town is entitled to recover damages for Defendant's conduct pursuant to 815 ILCS 510/3.

66. Small Town is further entitled to recover attorneys' fees pursuant to 815 ILCS 510/3.

## COUNT IV
### Illinois Consumer Fraud and Deceptive Business Practices
### 815 ILCS 505/1 et seq.

67. Small Town realleges and incorporates by reference all of the foregoing paragraphs.

68. Defendant's conduct has caused and will continue to cause likelihood of confusion and of misunderstanding as to source, sponsorship, approval and/or certification and constitutes deceptive business practices.

69. As a result of such conduct, Small Town has suffered and will continue to suffer immediate and irreparable harm to its goodwill and reputation.

70. In addition to the irreparable harm caused to Small Town by reason of Defendant's conduct, Small Town has suffered and will continue to suffer monetary damages in an amount not yet determined.

71. Small Town is entitled to entry of permanent injunctive relief prohibiting the Defendant from using the Infringing Phrases and any unauthorized use of the NOT YOUR Marks in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

72. Defendants' willful conduct and reckless indifference toward Plaintiff's rights entitles Plaintiff to a recovery of costs, attorney's fees and punitive damages pursuant to 815 ILCS 505/10a.

## COUNT V
## Unfair Competition
## Illinois Common Law

73. Small Town realleges and incorporates by reference all of the foregoing paragraphs.

74. Upon information and belief, Defendant uses the Infringing Phrases in an attempt to benefit from Small Town's goodwill and reputation.

75. Upon information and belief, Defendant's acts constitute unfair competition under Illinois common law.

76. Small Town is entitled to damages, costs and attorney's fees, and to enjoin Defendant from further use of the Infringing Phrases.

## PRAYER FOR RELIEF

**WHEREFORE**, Small Town respectfully requests that the Court enter a judgment in Small Town's favor as follows:

A. That the Court enter judgment declaring that Defendant's actions infringe Plaintiff's registered NOT YOUR Marks in violation of 15 U.S.C. § 1114;

B. That the Court enter judgment declaring that Defendant's actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125;

C. That the Court enter judgment declaring that Defendant's conduct

constitutes deceptive trade practices in violation of 815 ILCS 510/1 et seq.;

D. That the Court enter judgment that Defendant is liable for consumer fraud and deceptive business practices under 815 ILCS 505/1 et seq.;

E. That the Court enter judgment declaring that Defendant's conduct constitutes unfair competition under the common law of the State of Illinois.

F. That the Court preliminarily and permanently enjoin Defendant, its officers, agents, employees, shareholders, and representatives from using the Infringing Phrases or any term, phrase, symbol, or device that infringes the NOT YOUR Marks, or unfairly competes with Small Town;

G. That the Court require Defendant to pay monetary damages to Small Town in an amount to be proven at trial;

H. That the Court require Defendant to pay pre-judgment and post-judgment interest until such awards are paid;

I. That the Court require Defendant to pay treble damages in an amount to be proven at trial;

J. That the Court award Small Town punitive damages;

K. That the Court require Defendant to pay Small Town's costs and attorneys' fees incurred in this action; and

L. That Small Town has such other and further relief as shall seem just and proper to the Court.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Small Town hereby demands a jury trial on all claims and issues so triable.

DATED: November 25, 2015

| **THORPE NORTH & WESTERN, LLP** | **GREER BURNS & CRAIN, LTD.** |
|---|---|
| | /s/ Justin R. Gaudio |
| Peter M. de Jonge | Kevin W. Guynn |
| Jed H. Hansen | Justin R. Gaudio |
| Eric E. Westerberg | Jessica L. Bloodgood |
| Thorpe North & Western, LLP | Greer, Burns & Crain, Ltd. |
| The Walker Center | 300 South Wacker Drive, Suite 2500 |
| 175 S. Main Street, Suite 510 | Chicago, Illinois 60606 |
| Salt Lake City, Utah 84111 | 312.360.0080 |
| 801.566.6633 | 312.360.9315 (facsimile) |
| 801.566.0750 | kguynn@gbclaw.net |
| dejonge@tnw.com | jgaudio@gbclaw.net |
| hansen@tnw.com | jbloodgood@gbclaw.net |
| westerberg@tnw.com | |

*Attorneys for Plaintiff Small Town Brewery, LLC*